## Commonwealth v. Kimmel.

*Criminal law—Parole.*

1. A record of conviction will not be reviewed upon a petition for parole.

2. Paroles are grantable only when the court is convinced that the character of the prisoner and the circumstances of the case are such that he is not likely to engage again in an offensive course of conduct, and that the public good does not require that he should suffer the penalty imposed by law.

Petition for parole. Q. S. Lehigh Co., Jan. Sess., 1923, No. 38.

*D. M. Garrahan,* for petitioner.

*Orrin E. Boyle,* District Attorney, contra.

RENO, P. J.—On Jan. 3, 1923, defendant having been convicted of taking a child under the age of sixteen age for purposes of prostitution, President Judge Groman sentenced him to imprisonment for "a period of four years, with the privilege of asking for a parole upon the expiration of two years from the date of this sentence." The petition for parole now before us was filed Feb. 18, 1924.

We hold ourselves ready to grant the petitions of all prisoners to whom paroles were promised by our distinguished predecessor, but we shall not, for light and transient reasons, accelerate the period fixed by him as the time when such privilege becomes available. Unless, therefore, a prisoner can produce moving reasons, he must serve the minimum sentence prescribed by his sentence.

And in no event will we listen to allegations in derogation of the verdict. If the verdict was erroneous, the remedy by motion for new trial, arrest of judgment or appeal should have been pursued. We shall not review a record of conviction upon a petition for parole. An application for parole which asserts the innocence of the prisoner involves such a confusion of legal ideas that the judicial ear is shocked by its utterance. Nor can we review the sentence in parole proceedings. If it is too severe, the pardon board will grant relief. An application for parole must be an acknowledgment of the righteousness of the verdict and the justness of the sentence; otherwise, it is an appeal for clemency which should go to the pardon board, or it is an effort to review that which only the Superior Court can correct.

Paroles are grantable only when the court is convinced that the character of the prisoner and the circumstances of the case are such that he is not likely to engage again in an offensive course of conduct and that the public good does not require that he should suffer the penalty imposed by law: Act of June 19, 1911, § 1, P. L. 1055. Unless the petition and the public hearing reveals conclusive evidence of these factors, there will be no parole. The parole system, at best, is a grafting upon our jurisprudence and is so poten-

Commonwealth v. Kimmel.

tial with inherent capacity for grave abuse that we shall not extend its operation beyond the plain letter of the act. Under the acts, it is a matter of grace, not of right, and we will not be moved except for reasons that absolutely overcome our powers of resistance.

Now, May 19, 1924, the petition for parole is denied and dismissed.

From Calvin E. Arner, Allentown, Pa.